**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MOBILE NURSING OPERATIONS, LLC, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 22-00263-KD-B |
| | * | |
| SHAUL KOPELOWITZ, | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Shaul Kopelowitz's motion to dismiss or, alternatively, to join necessary parties. (Doc. 5). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends that the motion be **DENIED**.

## I.  BACKGROUND

Plaintiff Mobile Nursing Operations, LLC ("MNO") brings this one-count diversity action against Defendant Shaul Kopelowitz ("Kopelowitz") alleging a breach of a Payment and Performance Guaranty Agreement (the "Guaranty"). (See Doc. 1). Kopelowitz is a citizen of New York and the sole member of SKA Capital, LLC ("SKA"). (Id. at 2; Doc. 1-1 at 8; Doc. 1-2 at 1; Doc. 5 at 3). MNO's complaint states that on April 29, 2021, SKA executed a

Promissory Note (the "Note")[1] in favor of MNO for the principal amount of $2,000,000.00, in connection with SKA's purchase of MNO's interest in a skilled nursing facility in Mobile, Alabama. (Doc. 1 at 2; Doc. 1-1). On the same date, Kopelowitz executed the Guaranty, in which he personally guaranteed to MNO "the full, regular and punctual payment and performance" of SKA's obligations under the Note. (Doc. 1 at 2; Doc. 1-2).

MNO alleges that SKA defaulted under the Note by failing to make required payments of principal and interest. (Doc. 1 at 3). On May 13, 2022, MNO notified SKA in writing that it was exercising its option to declare the entire principal amount of the Note and all accrued interest thereon immediately due and payable in the event of a default, and it demanded payment of all sums due under the Note within ten days. (Doc. 1 at 3; Doc. 1-3). On May 27, 2022, MNO notified Kopelowitz in writing that SKA had failed to comply with its obligations under the Note, and it demanded that Kopelowitz pay all sums due under the Note and Guaranty within ten days. (Doc. 1 at 4; Doc. 1-4). Kopelowitz did not comply with MNO's demand. (Doc. 1 at 4).

On July 1, 2022, MNO commenced the instant action against Kopelowitz alleging that he breached the Guaranty by failing to pay to MNO all sums due under the Note. (Id.). In response,

---

[1] The Note was signed by Kopelowitz as manager of SKA. (Doc. 1-1 at 8).

Kopelowitz filed the instant motion to dismiss or, alternatively, to join necessary parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. (Doc. 5). In the motion, Kopelowitz asserts that MNO failed to join three parties that are necessary to the resolution of the instant dispute. (Id.). The motion has been fully briefed and is ripe for resolution.

## II.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). In such motions, the burden is on the moving party to show the necessity of the absent party and the nature of the interests that will be unprotected in the party's absence. See W. Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 (11th Cir. 1995) (per curiam). The court "must assume the truth of the factual allegations in the complaint." Muscogee (Creek) Nation v. Poarch Band of Creek Indians, 525 F. Supp. 3d 1359, 1365 (M.D. Ala. 2021) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2020)). However, "the court is not limited to the complaint, and the parties may present evidence outside the pleadings." Id.

"Rule 19 provides the rules for mandatory joinder of parties." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011). Rule 19 provides a two-part inquiry for

determining whether a party is indispensable such that its joinder in a case is required before the case can proceed. Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982). In the first step, the court must decide whether an absent party is "required" in the case under Rule 19(a). Lama, 633 F.3d at 1344. If the absent party is not "required" under Rule 19(a), the court does not reach the second step of the inquiry, and the case proceeds with the existing parties in the action. See United States v. Rigel Ships Agencies, Inc., 432 F.3d 1282, 1291 (11th Cir. 2005) (per curiam).

If the absent party is "required," then the court must enter an order joining that party to the action if joinder is "feasible." See Fed. R. Civ. P. 19(a)(2). Examples of when a party's joinder is not feasible include when joinder would defeat the court's subject matter jurisdiction, or when the absent party is not subject to the court's personal jurisdiction. See Raimbeault v. Accurate Mach. & Tool, LLC, 302 F.R.D. 675, 683 (S.D. Fla. 2014). If joinder of the absent party is not feasible, the court must proceed to step two and inquire whether, applying the factors enumerated in Rule 19(b), the litigation should proceed among the existing parties or should be dismissed. Challenge Homes, 669 F.2d at 669; see Fed. R. Civ. P. 19(b).

"Counsel, courts and commentators have widely adopted by convention the terminology labeling persons whom the court

determines must be joined if feasible as 'necessary,' and those necessary persons whose joinder is not feasible and in whose absence the court determines an action cannot proceed as 'indispensable.'" BFI Waste Sys. of N. Am., Inc. v. Broward County, Fla., 209 F.R.D. 509, 514 (S.D. Fla. 2002). "When a party is indispensable, the case is dismissed." Witmer v. Bates, 2022 U.S. Dist. LEXIS 105939, at *7-8, 2022 WL 2134593, at *3 (N.D. Ala. June 14, 2022).

## III. **DISCUSSION**

Although this is a one-count action for breach of the Guaranty, Kopelowitz asserts that the Guaranty and underlying Note were "part of a complex multi-party agreement including dependent and intertwined contracts" made in connection with the purchase of MNO's interest in a skilled nursing facility in Mobile, Alabama. (Doc. 5 at 1-2). Kopelowitz states that in addition to MNO and Kopelowitz, the sale transaction included SKA, Azalea Health and Rehab, LLC ("Azalea Health"), and Azalea Propco, LLC ("Propco"),[2] and he asserts that joinder of those three non-parties is required. (Id.).

---

[2] Kopelowitz is the sole member of SKA, while Azalea Health and Propco "are each ultimately owned by [Kopelowitz] and Shalom Lerner." (Doc. 5 at 3). Kopelowitz represents that both he and Lerner are New York citizens for the purposes of subject matter jurisdiction. (Id. at 3 n.2).

Kopelowitz states that on November 20, 2020, MNO entered into a Contract of Sale (also known as a Purchase and Sale Agreement or "PSA") with Propco for the sale of the skilled nursing facility. (Id. at 2; see Doc. 5-1).  Kopelowitz states that the "complex multiparty agreement" included the assignment of a ground lease by MNO to Propco, sale of the building and improvements on the property by MNO to Propco, and transfer of the facility's operations from MNO to Azalea Health.  (Doc. 5 at 2).  The sale closed in April 2021, and Kopelowitz states that the agreements signed at the closing included the following:

- An Operations Transfer Agreement ("OTA") which transferred operations of the skilled nursing facility to Azalea Health and included provisions for indemnity for losses and damages resulting from:

> (i) operation of the Facility by Old Operator prior to the Closing Date, (ii) Old Operator's use or occupancy of the Property or the condition thereof prior to the Closing Date, and (iii) the Excluded Liabilities; and (iv) any inaccuracy or breach of any representation, warranty, covenant, agreement or obligation contained in this Agreement or in any of the Other Documents.

(Id. at 3; see Doc. 5-2).

- A Bring Down Certificate certifying that the "representations and warranties" made by MNO in the earlier-executed PSA remained "true and correct" as of the closing date. (Doc. 5 at 4; see Doc. 5-3).

- The Note, which, according to Kopelowitz, "incorporates by reference the indemnity terms of the OTA and PSA, allowing SKA Capital to set off any amounts owed under the OTA or PSA . . . ." (Doc. 5 at 4; see Doc. 1-1).

Kopelowitz's motion asserts that the new owner of the skilled nursing facility, Propco, and the new operator, Azalea Health, have discovered concealed water intrusion issues and unresolved life safety code violations, and that Azalea Health intends to move forward with "a viable claim" against MNO for those concealed issues. (Doc. 5 at 3-5). Kopelowitz contends that the losses caused by these issues are due to be indemnified under the OTA and PSA and should be set off against the amounts due under the Note. (Id. at 5).

Kopelowitz asserts that SKA, Azalea Health, and Propco are necessary and indispensable parties to this action due to the intertwined nature of the contracts and parties. (Id.). Kopelowitz contends that a finding that he is liable as a guarantor requires a finding that SKA is in breach of the Note and thereby potentially involves a determination of SKA's obligations without its input. (Id. at 6). Kopelowitz further argues that his necessary defenses include set-off due to MNO's alleged breach of the PSA and OTA, and that findings relating to liability under those agreements would necessarily implicate the other parties to those agreements, Azalea Health and Propco. (Id.).

In response, MNO states that Kopelowitz contractually waived the right to insist that SKA be joined in a suit to enforce the Guaranty or to insist that MNO proceed first against SKA or any other party. (Doc. 10 at 2). MNO further asserts that SKA, Azalea Health, and Propco are not necessary parties. (Id. at 3-9). MNO argues that the Court can accord complete relief among the existing parties because MNO is not required by law or contract to pursue a remedy against SKA or any other party, and because Kopelowitz's alleged defenses are not defenses to an absolute and unconditional guaranty and have in any event been waived. (Id. at 3-5). MNO also contends that Kopelowitz can adequately represent SKA's interest in this action, and that disposing of this action would not impair or impede the ability of the absent parties to protect their interests. (Id. at 5-8). Finally, MNO states that because there are no absent parties that are required to but cannot be joined, the Court need not conduct an indispensability analysis under Rule 19(b). (Id. at 8-9).

**A. Waiver.**

In Section 12 of the Guaranty, Kopelowitz agreed

that in any action by Lender by reason of the Guaranty Obligations, Lender, at its election, may proceed (a) against Guarantors, or any Guarantor, together with Borrower, (b) against any Guarantor and Borrower, individually, or (c) against Guarantors, or any Guarantor, only without having commenced any action against, or having obtained any judgment against, Borrower.

(Doc. 1-2 at 7).  In Section 13, Kopelowitz waived and agreed not to assert: "**(A) ANY RIGHT TO REQUIRE LENDER TO PROCEED AGAINST BORROWER . . . OR TO PURSUE ANY OTHER REMEDY AVAILABLE TO LENDER, OR TO PURSUE ANY REMEDY IN ANY PARTICULAR ORDER OR MANNER . . . .**" (Id. at 7-8).

> Section 15 of the Guaranty stated:
>
> This is a guaranty of payment and not of collection and upon any Event of Default of Borrower under the Note or the other Loan Documents, Lender may, at its option, proceed directly and at once, without notice, against any Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, . . . without proceeding against Borrower or any other person . . . .

(Id. at 9).  In Section 15(a), Kopelowitz waived "any requirement of joinder of all or any other of the parties hereto in any suit or proceeding to enforce the provisions hereof."  (Id.).

Given these provisions, MNO asserts that Kopelowitz waived his right to insist upon the joinder of SKA or any other party in this action.  (Doc. 10 at 2).  Kopelowitz does not dispute that he contractually waived his right to require joinder of the absent parties.  (See Doc. 11, generally).  However, he asserts that this does not doom the instant motion because the requested joinder under Rule 19 is intended to protect the interests of the *absent parties*, and "[e]ven assuming [that] Kopelowitz contractually waived his right to join non-parties, he could not have waived the

rights or interests of the non-parties." (Id. at 10-11). As explained below, the Court finds this argument to be unavailing.

"[O]nly a party can motion under Rule 19."[3] Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott, 278 F.R.D. 664, 668 (S.D. Fla. 2011). And, "[d]espite the importance of Rule 19 joinder, there is no bar to waiver of that right by a party." Nat'l Acceptance Co. of Am. v. Wechsler, 489 F. Supp. 642, 645 (N.D. Ill. 1980) (finding that defendant guarantor waived right to raise the issue of joinder under Rule 19(a) where the "guaranty contracts expressly provide that [plaintiff] is not required to 'prosecute collection or seek to enforce or resort to any remedies against Debtor or any other party liable to Lender on account of Debtor's Liabilities or any guaranty thereof'"). Furthermore, a waiver of defenses in a guaranty agreement is enforceable under Alabama law.[4] See Gov't St. Lumber Co. v. AmSouth Bank, N.A., 553 So. 2d 68, 79 (Ala. 1989); Branch Banking & Tr. Co. v. Broaderip, 2011 U.S. Dist. LEXIS 89652, at *23-24, 2011 WL 3511774, at *9 (S.D. Ala. Aug. 11, 2011).

---

[3] In contrast, "Rule 24 provides two avenues for a nonparty to intervene in a lawsuit; intervention as of right and intervention with permission of the court." In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1246 (11th Cir. 2006).

[4] Kopelowitz agreed that the validity, interpretation, enforcement, and effect of the Guaranty would be governed by and construed in accordance with Alabama law. (Doc. 1-2 at 10).

Kopelowitz presents no authority directly supporting his position that his contractual waiver cannot be enforced because he alleges that joinder is requested under Rule 19 to protect the interests of non-parties, and federal district courts have enforced similar waivers. See Branch Banking & Tr. Co. v. Amac Three, LLC, 2014 U.S. Dist. LEXIS 203032, at *20, 2014 WL 12737625, at *6 (N.D. Ga. Jan. 24, 2014) ("[T]he defendant guarantors may not oppose the dismissal of Amac Three on the grounds that it is a required and an indispensable party because they waived their right to do so under their guaranty agreements with BB&T.  In unambiguous terms, the guarantors waived the right to defend an action against them on the basis of Amac Three's absence as a party to the action or on any other basis not involving willful misconduct by BB&T.  They now seek to assert the very defense they had previously waived.  This they are barred from doing."); Gen. Elec. Bus. Fin. Servs., Inc. v. Silverman, 2009 U.S. Dist. LEXIS 65739, at *3-4, 2009 WL 2371536, at *1-2 (N.D. Ill. July 30, 2009) (recognizing the validity of defendants' waiver of the right to move to dismiss matter under Fed. R. Civ. P. 12(b)(7) for failure to join the borrower as a necessary party under Rule 19 when the subject guaranty agreement provided that the guarantor waived any right to require the lender to join the borrower in any action brought under the guaranty, and stating that "requiring joinder of the borrower would eviscerate the purpose of the guaranty—to

provide the lender with a simple means of compelling payment of the debt against the individual guarantors"); HFC Com. Realty, Inc. v. Axelrod, 1990 U.S. Dist. LEXIS 15944, at *6-8, 1990 WL 187010, at *2-3 (E.D. Pa. Nov. 26, 1990) (granting plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 for defendant guarantors' persistence in litigating their motion to dismiss based on plaintiff's failure to join borrower notwithstanding their explicit waiver in the guaranty documents of any right to require the plaintiff to proceed against the borrower in the event of a default); Nat'l Acceptance Co. of Am. v. Demes, 446 F. Supp. 388, 389 (N.D. Ill. 1977); INDYCAR LLC v. Casey, 2016 U.S. Dist. LEXIS 181065, at *12, 2016 WL 11269434, at *5 (S.D. Ind. Sept. 20, 2016), report and recommendation adopted, 2017 U.S. Dist. LEXIS 700, 2017 WL 33445 (S.D. Ind. Jan. 4, 2017).

Indeed, at least one federal district court has been presented with an argument virtually identical to Kopelowitz's and found it so "meritless and frivolous" as to warrant sanctions under Federal Rule of Civil Procedure 11. See Home Fed. Bank for Sav. v. Daly, 1990 U.S. Dist. LEXIS 9210, at *10-11, 1990 WL 114728, at *3-4 (N.D. Ill. July 26, 1990) (rejecting defendant guarantor's argument that his agreement in guaranty that lender could proceed against him without joining borrower did not waive his right to move for dismissal based on lender's failure to join borrower as an indispensable party because he was moving to dismiss "not

because the borrower's absence impairs any interest of defendant

. . . [but because] the borrowers's absence impairs the interest

of the borrower"). Thus, the Court finds that Kopelowitz waived

the right to insist upon the presence of SKA in this action.

**B.    SKA is Not a Required Party.**

Under Rule 19(a)(1), a person is a required party if:

(A) in that person's absence, the court cannot accord
complete relief among existing parties; or

(B) that person claims an interest relating to the
subject of the action and is so situated that disposing
of the action in the person's absence may:

(i) as a practical matter impair or impede the person's
ability to protect the interest; or

(ii) leave an existing party subject to a substantial
risk of incurring double, multiple, or otherwise
inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Court first considers Rule 19(a)(1)(A). "[A]s the

language of 19(a)(1)(A) makes clear, the complete relief factor is

concerned only with relief as between the persons already parties,

not as between a party and the absent person whose joinder is

sought." N.H. Ins. Co. v. Cincinnati Ins. Co., 2014 WL 3428911,

at *2 n.3 (S.D. Ala. July 15, 2014) (quotations and alteration

omitted). As discussed previously, Kopelowitz expressly agreed

that MNO could seek to collect the debt from him without proceeding

against SKA and thereby acknowledged that SKA need not be included

in an action for MNO to obtain relief under the Guaranty. See

<u>Amac Three</u>, 2014 U.S. Dist. LEXIS 203032, at *19, 2014 WL 12737625, at *6 ("[T]he defendant guarantors acknowledged that Amac Three need not be included in an action for BB&T to obtain relief. Thus, the first of the Rule 19(a) factors is not met. In view of the waiver, Amac Three's presence is not required for the Court to provide complete relief to the parties."). Moreover, "Alabama law does not require the presence of the primary obligor to proceed on any type of guaranty." <u>Piggly Wiggly Ala. Distrib. Co., Inc. v. Bowman Co.</u>, 2014 U.S. Dist. LEXIS 199679, at *3-4, 2014 WL 12749006, at *1 (N.D. Ala. June 6, 2014) (citing <u>Shur-Gain Feed Div. William Davies Co., Inc. v. Huntsville Prod. Credit Ass'n</u>, 372 So. 2d 1317, 1320 (Ala. Ct. Civ. App. 1979)); <u>see also</u> <u>Talisman Cap. Alternative Invs. Fund, Ltd. v. Mouttet</u>, 2011 U.S. Dist. LEXIS 169575, at *7-8 & n.2, 2011 WL 13223534, at *3 & n.2 (S.D. Fla. May 19, 2011) (stating that "it seems reasonably settled that claims against a guarantor may be litigated without the borrower" and noting that, except where statutes provide otherwise, "it is generally held that the principal obligor is not a necessary or indispensable party to an action against the guarantor on the contract of guaranty.") (quoting 38A C.J.S. Guaranty § 129); <u>Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V.</u>, 15 F.3d 1419, 1423 (7th Cir. 1994) (holding that borrower did not have to be joined to afford litigants complete relief when applicable state law provided that a lender holding a guaranty of payment could sue

a guarantor directly without naming the borrower). Therefore, the Court can accord complete relief without joining SKA.

The Court next considers Rule 19(a)(1)(B)(i). Assuming that the allegations in Kopelowitz's motion and reply brief are sufficient to show that his wholly-owned company, SKA, claims an interest in the subject of this action,[5] Kopelowitz has not adequately demonstrated how the disposition of this litigation in SKA's absence may impair or impede its ability to protect such interest. Courts in this circuit have found that Rule 19(a)(1)(B)(i) does not require joinder of the principal debtor in similar circumstances. See Amac Three, 2014 U.S. Dist. LEXIS 203032, at *19, 2014 WL 12737625, at *6 ("Although Amac Three has an interest in the subject of this action, the disposition of this action in its absence will not in any way impair its ability to protect its own interest. As a non-party, Amac Three would not be bound by a judgment in this action in favor of BB&T and would not be foreclosed from challenging BB&T's decision to collect on the Notes in a separate action."); Amason & Assocs., Inc. v. Columbus Land Dev., LLC, 2014 WL 467509, at *5 (N.D. Ala. Feb. 5, 2014) ("Because Columbus LLC is not a party to this suit and will not

---

[5] But see Ochs v. Hindman, 984 F. Supp. 2d 903, 910 (N.D. Ill. 2013) (holding that maker of note did not have an interest in lawsuit against guarantor because the absolute guaranty was a distinct contract despite being integrated into the note, and the "contractual relationship at issue" in the suit was "the one between the guarantor, Defendant, and the creditor, Plaintiff").

have the opportunity to litigate its liability under the Construction Contract, it will not be legally bound by a judgment under the principles of res judicata or collateral estoppel. Furthermore, a judgment in this action will not, as a practical matter, impair or impede Columbus LLC's ability to protect its interests. Columbus LLC's interest in this action relates to the underlying Construction Contract, not the Guaranty. A judgment against the Guarantor Defendants on the Guaranty would have no effect, practical or otherwise, on Columbus LLC. As a result, its interest in this action would not be prejudiced by its absence as a party.") (internal citation omitted); Piggly Wiggly, 2014 U.S. Dist. LEXIS 199679, at *3-4, 2014 WL 12749006, at *1 (in suit against guarantor on absolute guaranty, finding that the principal would not be impeded from protecting its interest if dismissed from the case); Prince v. Hui Huliau, 2020 U.S. Dist. LEXIS 121522, at *12, 2020 WL 3894009, at *4 (N.D. Ala. July 10, 2020). The Court notes that the Guaranty specifically provides that the "Guaranty is independent of the Loan or any obligations of the Borrower." (Doc. 1-2 at 2). And Kopelowitz and SKA prospectively agreed to the possibility of MNO litigating against Kopelowitz in SKA's absence. (See Doc. 1-1 at 5; Doc. 1-2 at 7-9). Furthermore, Kopelowitz, as the manager and sole member of SKA, can be expected to assert all defenses and arguments that SKA would raise if it were a party to this action. See Lloyd Noland Found., Inc. v.

Tenet Healthcare Corp., 2001 U.S. Dist. LEXIS 28038, at *14, 2001

WL 37124708, at *5 (N.D. Ala. June 20, 2001) (finding that

corporation was not a necessary party despite the fact that its

interests were indirectly implicated when the corporation "merely

is a third-party beneficiary of the guaranty agreement between

plaintiff and defendant[,] Defendant has every incentive to prove

that [the corporation] did not breach the [underlying] agreement[,

and] because it owns and controls [the corporation], defendant has

access to all of the resources available to [the corporation]").

Accordingly, the Court finds that the joinder of SKA is not

required by Rule 19(a)(1)(B)(i).

Turning to Rule 19(a)(1)(B)(ii), the Court notes that

proponents of joinder under this subsection must "provid[e]

concrete examples of exactly how they may be subject to

inconsistent outcomes without joinder of the [absent party]." N.H.

Ins. Co., 2014 WL 3428911, at *4 n.7 (quotation omitted).

> "Inconsistent obligations" are not . . . the same as
> inconsistent adjudications or results. Inconsistent
> obligations occur when a party is unable to comply with
> one court's order without breaching another court's
> order concerning the same incident. Inconsistent
> adjudications or results, by contrast, occur when a
> defendant successfully defends a claim in one forum, yet
> loses on another claim arising from the same incident in
> another forum.

Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040

(11th Cir. 2014) (quotation omitted).

Kopelowitz has provided no concrete examples of how SKA's absence from this action might leave an existing party subject to multiple liabilities or inconsistent obligations rather than merely inconsistent adjudications or results. Nor have courts found a substantial risk of double, multiple, or inconsistent obligations in similar situations. See Amac Three, 2014 U.S. Dist. LEXIS 203032, at *19, 2014 WL 12737625, at *6 ("Nor will Amac Three's absence expose the remaining defendants to multiple or inconsistent obligations. Any debt owed by them under the guaranties at issue is owed only to BB&T, and BB&T is the only party seeking to collect."); Amason, 2014 WL 467509, at *5 ("[A] separate judgment against Columbus LLC for breach of the Construction Contract would not subject the Guarantor Defendants to multiple or inconsistent liability. If Amason prevails, it will only be entitled to one recovery, regardless of whether it recovers from the Guarantor Defendants or Columbus LLC."); Piggly Wiggly, 2014 U.S. Dist. LEXIS 199679, at *4, 2014 WL 12749006, at *1 ("As the corporate defendants are not necessary for an action against a guarantor under Alabama law, the Court can accord complete relief among the existing parties, and the defendants are in no danger of inconsistent obligations.").

Accordingly, SKA is not a required party as defined by Rule 19(a), and the Court need not reach the issue of its

indispensability under Rule 19(b).  See <u>Winn-Dixie Stores</u>, 746 F.3d at 1040.

**C.  Azalea Health and Propco Are Not Required Parties.**

Because Kopelowitz makes no substantial argument that the presence of Azalea Health and Propco is necessary for the Court to accord complete relief among the existing parties, the Court turns directly to Rule 19(a)(1)(B).  As the plain language of Rule 19(a)(1)(B) makes clear, subparts (i) and (ii) apply only when the absent party "claims an interest relating to the subject of the action . . . ."  See Fed. R. Civ. P. 19(a)(1)(B).  The interest claimed by the absent party must be "direct, substantial, and legally protectable." <u>Lacroix v. Lee County, Fla.</u>, 2018 U.S. Dist. LEXIS 126946, at *6, 2018 WL 3629021, at *2 (M.D. Fla. July 30, 2018) (quoting <u>Georgia v. United States Army Corps of Enq'rs</u>, 302 F.3d 1242, 1249 (11th Cir. 2002)).

Some courts, including courts within this circuit, have interpreted Rule 19(a)(1)(B) to mean that the absent party itself must actually claim the alleged Rule 19 interest.  <u>See, e.g.</u>, <u>Peregrine Myanmar Ltd. v. Segal</u>, 89 F.3d 41, 49 (2d Cir. 1996) ("It is the absent party that must 'claim an interest.'") (citation omitted); <u>In re County of Orange</u>, 262 F.3d 1014, 1023 (9th Cir. 2001) ("[A party] cannot claim that the [absent parties] have a legally protected interest in the action unless the [absent parties] themselves claim that they have such an interest . . .

."); <u>Saint Paul United Methodist Church v. Gulf States Conf. Ass'n of Seventh-Day Adventists, Inc.</u>, 2012 U.S. Dist. LEXIS 140356, at *8-9, 2012 WL 4477653, at *3 (M.D. Ala. Sept. 28, 2012); <u>United States v. Janke</u>, 2009 U.S. Dist. LEXIS 72874, at *11, 2009 WL 2525073, at *4 (S.D. Fla. Aug. 17, 2009); <u>Lacroix</u>, 2018 U.S. Dist. LEXIS 126946, at *5, 2018 WL 3629021, at *2; <u>In re Ginn-La St. Lucie Ltd., LLLP</u>, 420 B.R. 598, 606 (Bankr. S.D. Fla. 2009); <u>W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC</u>, 2010 U.S. Dist. LEXIS 148538, at *10-11, 2010 WL 11504833, at *2 (S.D. Fla. Jan. 7, 2010) ("[T]o be a necessary party under Rule 19(a)(1)(B), the absent party must claim a legally protected interest relating to the subject matter at issue. The individual insureds have not done so and [plaintiff] cannot claim such an interest for them.") (internal citations omitted); <u>Hickerson v. Enterprise Leasing Co. of Ga., LLC</u>, 818 F. App'x 880, 884 n.6 (11th Cir. 2020) (per curiam) (noting that person was not a necessary party under Rule 19(a) because "his absence would not preclude complete relief between the parties, nor did he 'claim[ ] an interest relating to the subject of the action'") (quoting Fed. R. Civ. P. 19(a)); <u>Landmark Equity Fund II, LLC v. Residential Fund 76, LLC</u>, 631 F. App'x 882, 885 (11th Cir. 2015) (per curiam) ("As Citigroup correctly points out, [the absent parties] have neither asserted an interest in the outcome of Landmark's claims against Citigroup nor have they attempted to intervene with respect to those claims.

Under those facts, it was not an abuse of discretion to conclude that [the absent parties] were dispensable parties.").

Kopelowitz's motion suggests that Azalea Health and Propco each *have* an interest the disposition of this case, but it does not allege that those entities *claim* an interest in this litigation. (See Doc. 5). However, Kopelowitz's reply brief asserts that Azalea Health and Propco "have a claimed interest in the dispute" because they have provided written notice to MNO of their intent to seek indemnity under the OTA and PSA for concealed water intrusion damage and life safety code violations. (Doc. 11 at 7-8).

Kopelowitz points to Section 4.6 of the Note, which states, in pertinent part:

> Notwithstanding anything contained herein or in the PSA
> or in the OTA to the contrary, upon a final non-
> appealable judgment, Maker shall have the right to set-
> off against any amounts due under the Note with respect
> to all amounts due in connection with (a) Holder's
> obligations to indemnify Purchaser under the PSA, and
> (b) Holder's obligations to indemnify New Operator under
> the OTA (collectively, the "Indemnification
> Obligations"). All amounts offset against the Note in
> accordance with the terms thereof shall be deemed
> repaid. Maker's right of setoff against the Note shall
> be Purchaser's and New Operator's sole recourse with
> respect to the Indemnification Obligations and, for the
> avoidance of doubt, shall be further subject to the time
> limitations for indemnification as set forth in the PSA
> and OTA. Each of the Purchaser and New Operator are
> joining into this Note for the purpose of acknowledging
> the foregoing provisions.

(Doc. 1-1 at 3-4). In light of this provision, which provides that "upon a final non-appealable judgment, [SKA] shall have the right to set-off against any amounts due under the Note" all amounts due in connection with MNO's indemnity obligations to Azalea Health and Propco under the PSA and OTA, and which provides that SKA's right to set-off against the Note shall be Azalea Health and Propco's "sole recourse" with respect to the indemnity obligations, Kopelowitz argues that Azalea Health and Propco have an interest in this litigation because they "could lose their sole remedy for breach of the contract documents" if SKA is deemed to have defaulted on the Note. (Doc. 11 at 5).

The Court finds Kopelowitz's allegations insufficient to show that Azalea Health and Propco claim a legally protected interest relating to the subject matter of this action, which is brought solely against Kopelowitz for breach of the Guaranty. Although Azalea Health and Propco gave notice of their intent to seek indemnity under the OTA and PSA for concealed water intrusion issues and life safety code violations more than a month *after* this action was commenced, their letter made no mention of either the Note or the Guaranty, and it provides no indication that Azalea Health and Propco claim an interest in this case. (See Doc. 5-4).[6] Furthermore, the Court is not convinced that the agreement

---

[6] Recently, on November 18, 2022, Azalea Health, Propco, and SKA filed a complaint against MNO in the Circuit Court of Mobile

22

in the Note to make SKA's right of setoff the "sole recourse" of Azalea Health and Propco with respect to the indemnity obligations gives Azalea Health and Propco a direct, substantial, and legally protectable interest in this action, which was brought against Kopelowitz for breaching the Guaranty prior to the existence of a "final non-appealable judgment" (or even a lawsuit) with respect to the indemnity obligations. Accordingly, the Court finds that Kopelowitz's conclusory assertion that "the non-party entities have a claimed interest in the dispute" fails to establish that Azalea Health and Propco claim a legally protected interest relating to the subject of this action as required by Rule 19(a)(1)(B).

Significantly, Azalea Health and Propco are undoubtedly aware of this action but have never attempted to intervene or otherwise asserted an interest in this litigation. "[I]f a person knows of the action but chooses not to participate, the court should be reluctant to find that person to be a required party under Rule 19 based on the possible harm to its interests." Innotex Precision Ltd. v. Horei Image Prod., Inc., 679 F. Supp. 2d 1356, 1362 (N.D.

---

County, Alabama, which asserts various claims relating to MNO's alleged concealment and misrepresentations about the physical condition of the skilled nursing facility and the facility's compliance with applicable laws and codes. (Doc. 24-1). Kopelowitz subsequently filed a motion to stay this action pending the resolution of that state court action. (Doc. 24). Kopelowitz's motion to stay is currently pending before this Court but is not yet ripe for resolution. (See Doc. 25).

Ga. 2009) (quoting Fed. R. Civ. P. 19 Westlaw Commentary); see LaMonte v. BeavEx, Inc., 2011 WL 13213869, at *5 (N.D. Ga. Feb. 18, 2011) ("CMS is aware of this litigation but has declined to intervene. Given that fact, the Court is reluctant to find that CMS is a required party under Rule 19 based on the possible harm to its interests.") (citation, alteration, and internal quotation marks omitted); Sparta Ins. Co. v. Poore, 2013 U.S. Dist. LEXIS 170107, at *18, 2013 WL 6243707, at *7 (N.D. Ala. Dec. 3, 2013) ("Surely Kathleen Poore, moreso than the movants or this court, is the better judge of whether her rights might be impaired by this action. Absent some explanation as to why she has not sought to intervene, the court will not second guess her failure to do so by ordering her to be made a party."); Vapco, Inc. v. Perfecta Prods., Inc., 2011 WL 13176236, at *3 (M.D. Fla. Feb. 10, 2011) ("Berlin has never attempted to intervene, even though it was fully aware of this action through its ownership of Perfecta and the companies' shared officers. This militates against any finding that Berlin is necessary under Rule 19(a)(1)(B)."); Rotec Indus., Inc. v. Aecon Grp., Inc., 436 F. Supp. 2d 931, 937 (N.D. Ill. 2006) ("When the outsider is aware of the action and does not claim such an interest, courts typically do not second-guess the decision."); In re Chinese Manufactured Drywall Prod. Liab. Litig., 273 F.R.D. 380, 386 n.8 (E.D. La. 2011) ("[T]he Court finds it telling that the Subcontractors have not intervened especially since under Rule

19(a)(1)(B), for an absent person to be a required party he is to 'claim an interest relating to the subject of the action.'").

Although not entirely clear, it appears that if Azalea Health and Propco believed their practical abilities to protect their interests were at stake and those interests could not be adequately represented by Kopelowitz, they could have moved to intervene under Federal Rule of Civil Procedure 24[7] without destroying the Court's diversity jurisdiction.[8]  See Peavey Elecs. Corp. v. Pinske, 2010

---

[7] "A nonparty claiming to have a right to intervene may invoke Rule 24(a), which applies when a statute of the United States confers an unconditional right to intervene, or when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  In re Bayshore Ford Trucks Sales, 471 F.3d at 1246 (quotations omitted); see Fed. R. Civ. P. 24(a).  "If a nonparty lacks the right to intervene, Rule 24(b) allows the court to grant it permission to do so when a statute of the United States confers a conditional right to intervene, or when the applicant's claim or defense and the main action have a question of law or fact in common."  In re Bayshore Ford Trucks Sales, 471 F.3d at 1246 (quotations omitted); see Fed. R. Civ. P. 24(b).

[8] "[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Pro Care Emergency Med. Servs., LLC v. Compass Pointe Health Care Sys., 2015 U.S. Dist. LEXIS 156062, at *3, 2015 WL 7300525, at *2 (N.D. Ga. Nov. 18, 2015) ("A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.").  Kopelowitz states that Azalea Health and Propco "are each ultimately owned by Shaul K[o]pelowitz and Shalom Lerner," and he notes that "[f]or subject matter jurisdiction purposes, both individuals are New York citizens."  (Doc. 5 at 3 & n.2).  Kopelowitz also appears to

U.S. Dist. LEXIS 53616, at *7 n.1, 2010 WL 2243562, at *2 n.1 (S.D. Miss. June 1, 2010); Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 968 F.2d 1463, 1472 (1st Cir. 1992) ("If NFC actually was a 'necessary party' . . . —that is, if its practical ability to protect an interest was at stake, and it could not be adequately represented by AVC—then there would have been no need to resort to joinder, as NFC would also have been entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a).").

Assuming *arguendo* that Kopelowitz's allegations are sufficient to show that Azalea Health and Propco have a legally protectable interest in this litigation by virtue of Section 4.6 of the Note, Kopelowitz has not demonstrated that those companies are so situated that disposing of this action will hinder their ability to protect that interest. Notwithstanding the instant lawsuit against Kopelowitz for breach of the Guaranty, there is nothing in Section 4.6 that prevents Azalea Health and Propco from filing a separate action against MNO and obtaining a final non-appealable judgment that triggers SKA's right to setoff against any amounts due under the Note. Indeed, while the instant motion was pending and ripe for resolution, Azalea Health, Propco, and SKA filed a lawsuit in state court seeking such relief. (See Doc. 24). Kopelowitz does not adequately explain how a judgment against

acknowledge that Azalea Health and Propco could have moved to intervene in this action. (See Doc. 11 at 8).

Kopelowitz for breach of the Guaranty would impair or impede the ability of Azalea Health and Propco to protect their interests under the PSA and OTA and Section 4.6 of the Note.

Finally, with respect to Rule 19(a)(1)(B)(ii), Kopelowitz's briefing focuses on the interests of the absent parties and offers no concrete examples of how disposing of this action in the absence of Azalea Health and Propco may leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations. Because Kopelowitz has not met his burden of showing that Azalea Health and Propco are required parties pursuant to Rule 19(a), the Court need not consider whether they are indispensable parties under Rule 19(b).[9]

Accordingly, the Court finds that Kopelowitz has not established that SKA, Azalea Health, and Propco are required parties pursuant to Rule 19(a). As a result, neither joinder of those parties nor dismissal is warranted.

---

[9] The Court also need not consider the Rule 19(b) factors because Kopelowitz has not established that joinder is infeasible, despite bearing the burden of proof on his Rule 12(b)(7) motion. Kopelowitz entirely fails to address the feasibility of joinder in his motion and reply brief; indeed, he consciously "takes no position" on whether joinder of the absent parties is feasible but nevertheless proceeds to argue that they are indispensable. (See Doc. 5 at 6 n.3). Kopelowitz has not explicitly indicated the citizenship of Azalea Health or Propco, nor has he addressed whether this Court could retain subject matter jurisdiction if those companies were added as parties in this diversity action.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that Defendant Shaul Kopelowitz's motion to dismiss or, alternatively, to join necessary parties (Doc. 5) be **DENIED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **November, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
