IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOBILE NURSING OPERATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHAUL KOPELOWITZ, <br><br> Defendant. | CASE NO.: 1:22-CV-00263-KD-B |

**MOTION TO STAY PENDING APPEAL**

Come Now SKA Capital, LLC; Azalea Health and Rehab, LLC; and Azalea Propco, LLC ("Proposed Intervenors") and pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure respectfully move the Court to enter an Order staying the proceedings and discovery in this case pending the Eleventh Circuit Court of Appeals' resolution of the Proposed Intervenors' appeal. As grounds therefore, Proposed Intervenors state as follows:

1. On February 10, 2023, the Proposed Intervenors timely filed a Notice of Appeal of this Court's January 12, 2023 Order (Doc. 49) denying the Proposed Intervenors' request to intervene in this action to protect their interests in the Promissory Note at issue in this action.

2. The Proposed Intervenors ask this Court to enter an order staying the underlying case pending the outcome of this appeal to preserve their ability to

{B4512457}

participate in the determination of issues impacting their interests in the Promissory Note, should the Eleventh Circuit Court of Appeals hold that intervention is appropriate.

3. "Courts have the inherent power to control their own dockets, including the power to stay proceedings." *Warehouse Solutions, Inc. v. Integrated Logistics, LLC*, 2014 WL 12648458, at *1 (N.D. Ga. Nov. 25, 2014). Additionally, Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or a final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). "A stay is not a matter of right, but rather an exercise of judicial discretion, the propriety of which depends on the circumstances of the particular case." *Fed. Trade Commission v. Lanier Law, LLC*, 2015 WL 12915697, at *2 (M.D. Fla. Apr. 22, 2015) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Lanier Law*, 2015 WL 12915697, at *2.

4. When determining whether a stay pending appeal is warranted, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

>other parties interested in the proceeding; and (4) where the public interest lies.

*Lanier Law*, 2015 WL 12915697, at *2 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  However, the Supreme Court notes that the first two factors are "the most critical."  *Id.* (*quoting Nken v. Holder*, 556 U.S. at 434).

5.  The first factor courts balance is the likelihood of success on the merits of the appeal. This factor is considered in combination with the second factor – the injury to the movant absent a stay – and in this instance the combination weighs in favor of a stay given the Proposed Intervenors' arguments supporting intervention and the irreparable harm that will result if they are prohibited from participating in this litigation to protect their rights.  As the Proposed Intervenors will argue on appeal, this Court overlooked the Proposed Intervenors' legally protectable interest in the Promissory Note, which is not contingent and is directly at issue in this federal court action.  *Compare In re Nat'l Buy-Rite, Inc.*, 11 B.R. 191, 194 (Bankr. N.D. Ga. 1981) (holding that a "third party has a legally protectable interest in a contract made for his benefit) *with* Doc. 49, Order, PageID 377 (holding that "the contracts the non-parties identify are not at issue in this federal case and the non-parties do not assert as much").  As set forth in the parties' briefing on the Motion to Intervene, which is incorporated by reference as if fully set forth herein, it is undisputed that this Court will be required to interpret the Promissory Note in order to resolve Plaintiff Mobile Nursing Operations' (MNO) claims against Kopelowitz.  Thus the Proposed

Intervenors maintain the interest in the subject of this action necessary to establish a right to intervene under Fed. R. Civ. P. 24(a)(2) and, moreover, have demonstrated that disposition of this action will as a practical matter impair their ability to protect their interest, which is not adequately represented by the current defendant. (Doc. 29, PageID 248-249) The Proposed Intervenors will also argue on appeal that this Court overlooked the common questions of law and fact that their claims share with the claims and defenses in the current action. This Court did not address these common questions of law and fact in its summary denial of the Proposed Intervenors' request for permissive intervention under Rule 24(b). (Doc. 49, Order, PageID 377-378)  When these common questions of law and fact are properly considered, the propriety of the Proposed Intervenors' permissive intervention is clear.

6. Second, courts consider the amount of harm to the applicant. The irreparable injury to the Proposed Intervenors if a stay is not granted is evident because it is the same injury that will occur if they are denied the right to intervene. The Proposed Intervenors will be denied the opportunity and ability to protect their interest in the Promissory Note. For example, this Court has been asked repeatedly by MNO to rule that Azalea Propco and Azalea Health and Rehab are not entitled to their chosen remedy of a set off on the Promissory Note. (*See* Doc. 37, Opposition to Motion to Intervene, PageID 312-313) Further, this Court has and will continue

to be asked to determine whether SKA Capital breached the Promissory Note or is in default on the Promissory Note. (*See* Doc. 37, Opposition to Motion to Intervene, PageID 311-312) These three entities stand willing and able to participate in the Court's decision on their fate, and to allow rulings on these issues without their input would irreparably injure their rights in the Promissory Note. As the Court has witnessed, even basic procedural motions are rife with issues that affect the rights of the Proposed Intervenors. (*See* Doc. 55). But even if they are not decided on procedural motions, those decisions will eventually become ripe and need to be decided by the Court. The substantial harm to the Proposed Intervenors if this case proceeds pending appeal is sufficient to warrant entry of a stay. *See Greendige v. Allstate Ins. Co.*, 2003 WL 22871905, at *3 (S.D.N.Y. Dec. 3, 2003) (granting proposed intervenor's motion to stay pending appeal despite low likelihood of success on appeal because of the significant harm she would suffer by having "been denied any opportunity to be heard in the . . . action" and the fact that "she would be deprived of the chance to influence the outcome of a case of great practical significance to her").

7. Third, courts consider whether issuance of stay will substantially injure the other parties interested in the proceeding. As noted above, this factor has been deemed less critical than the first two factors. *See Lanier Law*, 2015 WL 12915697, at *2. In this case, the *only* injury to the Plaintiff that would result from staying these

proceedings pending the appeal will be the passage of time, which is insufficient to warrant a stay. *See Greendidge*, 2003 WL 22871905, at *3 (noting that party opposing stay had "demonstrated no prejudice that would result from granting a stay" where it complained only of deferral of its summary judgment motion). Despite MNO's likely claim that they have a contractual interest in a quick or "simple" recovery—which is not explicitly stated in said contract—that interest remains only an interest in the passage of time. (*See* Doc. 35, PageID.280, 285).

8. The fourth factor, "where the public interest lies" counsels in favor of a stay in order to preserve judicial resources by preventing the duplication of efforts that will result if discovery and motion practice in this case move forward without participation by the Proposed Intervenors. If the appeal is successful and intervention is allowed, then discovery conducted in their absence and without their input may need to be repeated. Additionally, courts have held that the public interest "favors the protection and enforcement of contractual rights," which here may only be accomplished by a stay of these proceedings pending resolution of the Proposed Intervenors' appeal. *Moon v. Medical Technology Associates, Inc.*, 2014 WL 1092291, at *3 (M.D. Fla. March 19, 2014).

9. As such, a straightforward balancing of the four factors weighs in favor of a stay pending appeal.

10. Other courts have viewed this issue in a slightly different light, finding that even if the "likelihood of success on appeal" is relatively low, a court may still grant a stay if "there is a 'substantial case on the merits' presented by the appeal" and "the balance of the equities weighs heavily in favor of granting the stay." *Securities & Exchange Commission v. Natural Diamonds Investment Co.*, 493 F. Supp. 3d 1260, 1262 (S.D. Fla. 2020); *Garcia-Mir v. Meese*, 781 F. 2d 1450, 1453 (11th Cir. 1986) (holding that lesser showing of a "substantial case on the merits" applies when the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting a stay). As discussed above, the balance of the equities on factors 2, 3, and 4 weighs heavily in favor of a stay because on one hand denial of the stay may result in the Proposed Intervenors being entirely precluded from protecting their contractual rights and, on the other, the Plaintiff will suffer only a temporal delay in prosecuting its case if the stay is granted. Therefore, because the Proposed Intervenors have shown *at a minimum* a substantial case on the merits, a stay of the district court proceedings pending the outcome of the appeal is proper.

11. Under either rationale, the balance of factors weighs in favor of a stay of these proceedings, including a stay of discovery, to allow the Eleventh Circuit to determine the propriety of intervention. The Proposed Intervenors therefore urge the Court to enter a stay to preserve their opportunity to protect their legal interests

through full and fair participation in this litigation should the Eleventh Circuit allow them to intervene.

WHEREFORE, PREMISES CONSIDERED, SKA Capital, LLC; Azalea Health and Rehab, LLC; and Azalea Propco, LLC respectfully request that this Court stay the proceedings/discovery in this case pending the Eleventh Circuit's resolution of the appeal.

                                          Respectfully submitted,

                                          /s/ Weathers Bolt
                                          M. Warren Butler (ASB-3190-R56M)
                                          Amber M. Whillock (ASB-0816-R79W)
                                          Weathers Bolt (ASB-9445-T95A)
                                          STARNES DAVIS FLORIE LLP
                                          11 N. Water Street
                                          RSA Battle House Tower, Suite 20290
                                          Mobile, AL 36633-1548
                                          wbutler@starneslaw.com
                                          awhillock@starneslaw.com
                                          wbolt@starneslaw.com
                                          Attorneys for Proposed Intervenors,
                                          SKA Capital, LLC; Azalea Health and
                                          Rehab, LLC; and Azalea Propco, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on **February 10, 2023**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Archibald T. Reeves, IV
MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC
11 North Water Street, Suite 13290
Mobile, AL 36602
Telephone: (251) 432-5300
Facsimile:  (251) 432-5303
areeves@mcdowellknight.com

James P. Pewitt
JAMES P. PEWITT, LLC
2 20th Street North, Suite 925
Birmingham, AL 35203
Telephone: (205) 874-6686
jim@jamespewitt.com

                                                /s/ Weathers Bolt
                                         M. Warren Butler (ASB-3190-R56M)
                                         Amber M. Whillock (ASB-0816-R79W)
                                         Weathers Bolt (ASB-9445-T95A)
                                         STARNES DAVIS FLORIE LLP
                                         11 N. Water Street
                                         RSA Battle House Tower, Suite 20290
                                         Mobile, AL 36633-1548
                                         wbutler@starneslaw.com
                                         awhillock@starneslaw.com
                                         wbolt@starneslaw.com
                                         Attorneys for Proposed Intervenors,
                                         SKA Capital, LLC; Azalea Health and
                                         Rehab, LLC; and Azalea Propco, LLC