IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOBILE NURSING OPERATIONS, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 1:22-00263-KD-B** |
| | ) | |
| SHAUL KOPELOWITZ, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on Plaintiff's motion for leave to amend the complaint and proposed amended complaint (Docs. 65, 65-1) and Defendant's response (Doc. 67). Upon consideration, and for the reasons set forth herein, it is **ORDERED** that Plaintiff's motion (Doc. 65) is GRANTED.

## I.     Relevant Background

On July 1, 2022, Plaintiff Mobile Nursing Operations, LLC ("Plaintiff") initiated this breach of contract action against Defendant Shaul Kopelowitz ("Defendant") based on federal diversity subject matter jurisdiction. (Doc. 1 at 1).  On September 27, 2022, Plaintiff, an LLC, filed its disclosure statement, which identified all of the members of the LLC and any LLC members' members, etc. (providing citizenship information for diversity purposes).  On October 12, 2022, after a review of same, the Court endorsed the disclosure as noted. (Docs. 17, 21). On November 30, 2022, certain non-parties[1] filed a motion to intervene. (Doc. 29). On  January 12, 2023, the Court denied the motion to intervene. (Doc. 49). On February 10, 2023, these non-parties filed a Notice of Appeal of the Court's denial of their motion to intervene.  (Doc. 56).

---

[1] SKA Capital, LLC, Azalea Health and Rehab, LLC, and Azalea Propco, LLC. (Doc. 29).

Also on this date, these non-parties moved for a stay of the litigation pending their appeal, which was denied on February 17, 2023.  (Docs. 57, 63).

While handling the non-parties' appeal, on March 2, 2023 the Eleventh Circuit reviewed the adequacy of the jurisdictional allegations of the appeal and then ordered the parties to "[a]ddress whether: 1) the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; 2) current record evidence adequately establishes the parties' citizenship; and 3) the record should be supplemented with additional evidence to demonstrate the parties citizenship." In re: SKA Capital, LLC., et al., No. 23-10461 (11th Cir.) (Doc. 13-2). In its response to the Eleventh Circuit, Plaintiff asserts: "[t]o address the concerns raised by this Court, MNO has today filed with the district court a Motion for Leave to Amend Complaint and proposed Amended Complaint." In re: SKA Capital, LLC., et al., No. 23-10461 (11th Cir.) (Doc. 21 at 6). In support Plaintiff cites 28 U.S.C. § 1653, which states: "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In response to the Eleventh Circuit, the Defendant: "requests that Plaintiff MNO be allowed to amend the Complaint on appeal to properly allege the citizenship of MNO and Kopelowitz and thereby properly invoke the jurisdiction of the district court." In re: SKA Capital, LLC., et al., No. 23-10461 (11th Cir.) (Doc. 22 at 6-7).

On March 16, 2023, Plaintiff filed the present motion for leave to amend the complaint with a proposed amended complaint in this Court. (Docs. 65, 65-1). The motion was timely filed prior to the Rule 16(b) scheduling order's March 31, 2023 deadline for amended pleadings. (Doc. 50).  On March 22, 2023, the Defendant filed its response to the motion stating that he "does not oppose" the motion or amendment.  (Doc. 67).

To date, the Eleventh Circuit has not taken any action on either parties' response to the jurisdictional query. In re: SKA Capital, LLC., et al., No. 23-10461 (11th Cir.) (Doc. 21).

## II.   Discussion

Plaintiff moves for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure "to expand upon its jurisdictional allegations to comply with a jurisdictional question raised by the United States Court of Appeals for the Eleventh Circuit." (Doc. 65). Rule 15(a)(2) provides that a party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court still considers the presence or absence of certain countervailing factors: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008); Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999). Rule 15(a)(2) also directs the district courts to "freely give leave when justice so requires." Id.

Additionally, 28 U.S.C.A. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, **in the trial or appellate courts**." 28 U.S.C.A. § 1653 (emphasis added). The Eleventh Circuit has likewise held that "a defective allegation of jurisdiction … can be corrected at any time pursuant to 28 U.S.C. § 1653." Brandenburg v. Bd. of Regents of Univ. Sys. of Georgia, 518 F. App'x 628, 631 (11th Cir. 2013). Thus, "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).

3

Upon consideration and pursuant to Section 1653, the Court finds that "justice so requires" granting Plaintiff's motion for leave to amend the "to amend its jurisdictional allegations to cure any perceived jurisdictional issues. This is because the record does not indicate the presence of any countervailing factors -- no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and/or futility, on the part of the Plaintiff. Rather, the proposed amendment is to more fully allege federal diversity subject matter jurisdiction in this Court by expounding upon the Plaintiff's citizenship.  Notably, to detail Plaintiff's citizenship as it did in its September 28, 2022 disclosure statement, which this Court noted on October 12, 2022.  The amendment to the jurisdictional allegations clarifies the parties' citizenship in the complaint and confirms diversity of citizenship to support federal diversity subject matter jurisdiction. (Docs. 1, 65-1). And given the Defendant's lack of any opposition, there does not appear to be any undue prejudice in allowing the amendment, particular as Plaintiff filed the motion before expiration of the Rule 16(b) deadlines to file to amend the pleadings.

## III.    Conclusion

Accordingly, based on the foregoing, it is **ORDERED** that Plaintiff's motion for leave to amend the complaint (Doc. 65) is **GRANTED**, and Plaintiff shall file its First Amended Complaint on or before May 5, 2023.

**DONE** and **ORDERED** this 27th day of April 2023.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

4